**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling**

**ROGER HOWARD KING, JR.,**

Plaintiff,

v.

**Civil Action No. 5:24-CV-6**
Judge Bailey

**OFFICE OF THE COMMISSIONER FOR
MARION COUNTY, WEST VIRGINIA
MARION COUNTY PROBATION OFFICE,
DAY REPORT, DANIELLE CRESS,** Probation
Officer, **MELISSA K.,** Case Manager, and
**BRANDI CORLEY,** Director of Day Report
Center**,**

Defendants,

## REPORT AND RECOMMENDATION

On January 12, 2024, the *pro se* plaintiff filed a Complaint against the above-named defendants pursuant to 42 U.S.C. § 1983.  This matter is assigned to the Honorable John Preston Bailey, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## I. BACKGROUND

In his Complaint, plaintiff raises several claims related to proceedings in Marion County drug court.  Plaintiff states that he "was set up for failure" after he reached a plea agreement in a criminal case which resulted in avoiding prison and being sentenced to seven years of probation with the special condition of completing the Marion County Drug Court Program.  [Doc. 1-2 at 1–2].  In his first claim, plaintiff complains that Dr. Melissa K, a case manager with the program, violated confidentiality by releasing information

1

about plaintiff's location to plaintiff's roommate Samantha Burgess.   While plaintiff's phone was confiscated, he alleges Dr. Melissa K used plaintiff's Facebook Messenger account to tell Samantha that plaintiff's phone had been confiscated and that he was at the Friendship Room in Fairmont.  [Id. at 4].  Samantha's then arrival at the Friendship Room was eventually relayed to plaintiff's ex-wife, which plaintiff argues was caused by Dr. Melissa K's breach of confidentiality.  [Id. at 5].  Second, plaintiff alleges that the three named defendants forbid Mr. King from tattooing for income while he was in the drug court program.  [Id. at 5].  Plaintiff alleges this forced him to sell his possessions in order to support himself but that the drug court rules do not prohibit working as a tattoo artist. [Id.].  Third, plaintiff alleges that defendant Danielle Cress lied in court by testifying that plaintiff had not tried to do anything in recovery and had failed during his time in drug court.  [Id. at 5–6].  Fourth, plaintiff alleges that while in drug court, he was administered a drug test which was positive for methamphetamine; because the drug test did not show the suboxone he was prescribed, plaintiff alleges this drug test was either faulty or was intentionally switched.  [Id. at 6–7].  Plaintiff states that this drug test resulted in a violation and plaintiff being incarcerated.  [Id.].  Finally, in Ground Five, plaintiff alleges Dr. Melissa K again violated confidentiality, including the code of ethics and HIPAA, by revealing to plaintiff's ex-wife that he was put in jail as a result of failed drug tests.  [Id. at 7].  Plaintiff states that as a result of the above allegations, plaintiff was wrongfully imprisoned, resulting in being taken from his children, loss of income, and time that he cannot get back.  [Doc. 1 at 9].  For relief, he asks the Court award him damages for the time spent in incarceration, that the defendants be admonished and punished, and he requests an alternate sentence.  [Id.].

2

## II. STANDARD OF REVIEW

### A.      Section 1983 Claims

The Supreme Court has held that:

> Title 42 U.S.C. § 1983 provides a cause of action against "[e]very person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws...." The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.

*Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citing *Carey v. Piphus*, 435 U.S. 247, 254–257 (1978)).  In *Gomez v. Toledo*, 446 U.S. 635 (1980), the Supreme Court succinctly stated what a plaintiff must allege to sustain a civil rights action:

> By the plain terms of § 1983, two—and only two—allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law.

*Gomez*, 446 U.S. at 640.

### B.      Review of Prisoner Cases

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious.  Pursuant to 28 U.S.C. § 1915A(b), a court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

3

A complaint is frivolous if it is without arguable merit either in law or in fact.  ***Neitzke v. Williams***, 490 U.S. 319, 325 (1989).  However, the court must read *pro se* allegations in a liberal fashion.  ***Haines v. Kerner***, 404 U.S. 519, 520 (1972).   A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous.   *See* ***Neitzke*** at 328.  Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless."  ***Denton v. Hernandez***, 504 U.S. 25, 32 (1992).  This includes claims in which the plaintiff has little or no chance of success.  *See* ***Estelle v. Gamble***, 429 U.S. 97, 106 (1976).

### III. ANALYSIS

Based on a preliminary review of the Complaint, the undersigned finds that the Complaint fails to state a claim.  In ***Heck v. Humphrey***, 512 U.S. 477 (1994), the United States Supreme Court found:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus ...

***Heck*** at 487 (footnote omitted).   Moreover, the Supreme Court stated that one reason for imposing such a requirement is to prevent a convicted criminal defendant from collaterally attacking his criminal conviction through a civil suit.  ***Heck*** at 484.

Here, plaintiff is clearly challenging his imprisonment, claiming it is a result of misconduct by defendants.  Plaintiff is seeking damages for his imprisonment and for his

---

[1] ***Id.*** at 327.

sentence to be altered.[2]  [Doc. 1 at 9].  Thus, a judgment in favor the plaintiff "would necessarily imply the invalidity of his conviction or sentence" and the Complaint must therefore be dismissed "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." **Heck** at 477.  Plaintiff has not alleged that the conviction or sentence has been reversed or otherwise invalidated.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the case be **DISMISSED WITH PREJUDICE**.

The petitioner shall have **fourteen days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).**

---

[2] The undersigned notes that altering plaintiff's state sentence is not relief available in a § 1983 suit.

This Report and Recommendation completes the referral from the district court. The Clerk is **DIRECTED** to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED:** February 29, 2024.

/s/ James P. Mazzone

JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE